# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **BERTHA BATEY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **Case No. 3:09-1061** |
| ) | **Judge Echols** |
| **AMERIGROUP TENNESSEE, INC.,** ) | |
| ) | |
| **Defendant.** | |

## ORDER

This is an employment discrimination action in which the Magistrate Judge has entered a Report and Recommendation ("R & R") (Docket Entry No. 22) which recommends that Defendant's Motion to Dismiss (Docket Entry No. 16) be denied. Defendant has filed objections to the R & R (Docket Entry No. 27) and Plaintiff has filed a "Motion for Denial" (Docket Entry No. 29), which is construed as a response to Defendant's Motion to Dismiss and a "Response Motion for Acceptance" (Docket Entry No. 30), which is construed as a response to Defendant's Objections to the Magistrate Judge's R&R (Docket Entry No. 22).

Where a party files timely objections to a R & R which addresses a dispositive motion, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to" and "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

The underlying theme of Defendant's objections is that, in ruling on the Motion to Dismiss, the Magistrate Judge did not rely on the standards recently announced by the Supreme Court in

1

Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009). While the Magistrate Judge did not in fact cite Iqbal, he did rely on Bell Atlantic v. Twombly, 550 U.S. 544, 555-56 (2007) for the proposition that in order "to survive a motion to dismiss, a complaint must contain (1) 'enough facts to state a claim to relief that is plausible,' (2) more than 'a formulaic recitation of a cause of action's elements,' and (3) allegations that suggest a 'right to relief above a speculative level.'" (Docket Entry No. 22 at 2, citation omitted). Iqbal did not change this standard, but merely reiterated what the Supreme Court had already set forth in Twombly as the appropriate standard of review for a motion to dismiss.

Defendant also asserts that the Magistrate Judge erred by citing the pre-Iqbal decision in League of United Latin Am. Citizens. v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007) for the proposition that allegations of race and sex discrimination must "at the very least, contain inferential allegations respecting all material elements" of such claims. (Docket Entry No. 22 at 2). However, Iqbal itself recognizes that "[a] claim has facial plausibility when the plaintiff pleads factual content *that allows the court to draw the reasonable inference* that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949 (emphasis added). Contrary to Defendant's suggestion, the Court need not ignore inferences which may be drawn from the facts alleged in the Complaint.

Defendant also asserts there is a "dearth of facts" in the Complaint and that Plaintiff's "allegations are mere checkmarks on the form complaint." (Docket Entry No. 28 at 2). Relatedly, Defendant asserts the Magistrate Judge erred by considering not only the Complaint, but also Plaintiff's Tennessee Human Rights Commission ("THRC") charge because, while the charge was attached to the Complaint, it was not incorporated by reference into the Complaint.

As the Magistrate Judge properly observed, Rule 10(c) of the Federal Rules of Civil Procedure provides that "[a] copy of a written instrument that is an exhibit to a pleading is a part of

2

the pleading for all purposes." Fed. R. Civ. P. 10(c). Thus, where, as here, a Plaintiff is proceeding *pro se*, a Court should consider a discrimination charge attached to a Complaint since such a document likely tells the "the story" better than can be told by "one unfamiliar with litigation." Williams v. Anheuser-Busch, Ind. , 162 F.3d 1149, 1150 (2nd Cir. 1998); see, Commercial Money Center, Inc. v. Illinois Union Ins., 508 F.3d 327, 335 (6th Cir. 2007)("documents attached to the pleadings become a part of the pleadings and may be considered on a motion to dismiss"); Amini v. Oberlin College, 259 F.3d 493, 503 (6th Cir. 2001)(in considering motion to dismiss, trial court should have considered plaintiff's EEOC charge which was attached as an exhibit to the complaint).

This Court agrees with the Magistrate Judge's conclusion that when Plaintiff's Complaint is read in conjunction with her THRC charge, Plaintiff has stated a claim for sex and race discrimination, as well as for retaliation. Liberally construed, Plaintiff, a black female, claims she was treated differently than a similarly situated white male employee, Tony Jagger, and he was promoted instead of Plaintiff, even though Plaintiff had an outstanding evaluation and received a raise in February 2008, and even though Tony Jagger engaged in misconduct, including using profanity and being a no-call/no-show. Plaintiff also claims that she was wrongly passed over for a management position in favor of Tony Jagger and that she complained to both Christa Poe and Connie Yates in the Defendant's human resources department, only to be terminated some three weeks after making such complaints. The Magistrate Judge did not err in concluding that such allegations are sufficient to establish plausible claims for discrimination and retaliation since, even under Iqbal, "the reviewing court [is allowed] to draw on its judicial experience and common sense" in determining whether a Complaint states a claim. Iqbal, 129 S.Ct. at 1960.

3

Accordingly, the Court hereby rules as follows:

(1) The Magistrate Judge's R & R (Docket Entry No. 22) is hereby ACCEPTED and APPROVED;

(2) Defendant's Objections to the R & R (Docket Entry No. 27) are hereby OVERRULED;

(3) Defendant's Motion to Dismiss (Docket Entry No. 16) is hereby DENIED; and

(4) This case is hereby returned to the Magistrate Judge in accordance with the previously entered Order of Reference (Docket Entry No. 8).

It is so ORDERED.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE