UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

BERTHA BATEY,
    Plaintiff

v.

AMERIGROUP TENNESSEE, INC.,
    Defendant

Case 3:09-1061
Judge Trauger/Brown
**Jury Demand**

## INITIAL CASE MANAGEMENT ORDER

Pursuant to Local Rule 11(d), the following Initial Case Management Plan is **adopted**.

    1.    **Jurisdiction.** This Court has jurisdiction pursuant to 28 U.S.C. § 1331 in that Plaintiff raises federal question claims under Title VII of the Civil Rights Act of 1964. Venue is proper in that Defendant employed Plaintiff within the confines of the jurisdiction of this Court.

    2.    **Plaintiff's Theory of the Case.**

    A.    Plaintiff filed multiple Discrimination Charges under Title VII Sec. 2000e [Section 701]; Sec. 2000-e-2 [Section 703], Section 2000e-3 [Section 704]. In addition, Plaintiff filed charges of Defendant's retaliation harassment, adverse employment actions intentional disparate treatments with intentionally and knowingly disparate impacts. In addition, Plaintiff filed charges for deprived employment opportunities, which adversely affected her status as an employee. Further, Plaintiff filed charges against Defendant for preferential treatment of her Caucasian coworker.

B. Plaintiff filed charges under Age Discrimination in Employment Act (ADEA). In addition, Plaintiff filed charges under Title 29, Labor Chapter 14, Age Discrimination in Employment Sec. 621.

C. Plaintiff filed charges for her wrongful termination by Defendant. In addition, Plaintiff filed charges that Defendant's wrongful termination denied her unemployment income benefits.

3. **Defendant's Theory of the Case.** AMERIGROUP Tennessee, Inc. (AMERIGROUP) did not discriminate against Plaintiff in any way during her employment with the company. Plaintiff joined AMERIGROUP in February 2007, and began her 90-day introductory period, which she was expected to complete satisfactorily to continue employment. Plaintiff failed to successfully complete the introductory period, but AMERIGROUP granted her an additional 30 days to allow her an additional opportunity to satisfactorily meet job expectations. During this 30-day extension, AMERIGROUP encountered additional performance concerns with Plaintiff and issued her an addendum for additional areas of improvement. Plaintiff was also notified that her verbal outbursts with providers and her coworkers would not be tolerated. AMERIGROUP warned Plaintiff that if she continued in that behavior, AMERIGROUP could discharge her. In November 2007, Plaintiff completed her introductory period.

2

At her 2007 year-end performance evaluation, Plaintiff was again reminded to maintain positive communications with AMERIGROUP's providers and employees and to be aware of her voice intonation when speaking with the providers. Plaintiff did not adhere to AMERIGROUP's reminders, and by May 2008, AMERIGROUP received several complaints from coworkers regarding Plaintiff's treatment of other associates and AMERIGROUP's providers. The complaints entered on Plaintiff's argumentative communication style and her disrespectful, rude, hostile, and discourteous behavior, was having a negative effect on the morale and work of fellow associates. AMERIGROUP investigated the complaints, confirmed Plaintiff's behavior, and issued a Final Warning to Plaintiff. Under AMERIGROUP's progressive discipline policy, a Final Warning is active for six months.

Approximately four months after Plaintiff was placed on a Final Warning, Plaintiff engaged in a verbal outburst towards a coworker during a workplace meeting. The Human Resources Department received four complaints regarding Plaintiff's actions during the meeting. AMERIGROUP investigated and determined that Plaintiff engaged in disrespectful and intimidating behavior which was disruptive to the work environment and to the team relationship. Based on Plaintiff's Final Warning and her inappropriate behavior, AMERIGROUP made the legitimate, nondiscriminatory decision to terminate Plaintiff's employment

3

effective September 2, 2008. Plaintiff did not abide by AMERIGROUP's conduct and behavior policies though given numerous opportunities to do so. AMERIGROUP did not discriminate against Plaintiff based on her race, sex, or any other protected category, nor did it retaliate against Plaintiff for any protected activity.

4. **Issues Resolved and Issues in Dispute.** Jurisdiction and venue issues are resolved. All Issues as to liability and damages remain unresolved.

5. **Mandatory Initial Disclosures.** Pursuant to Federal Rule of Civil Procedure 26(a)(1), all parties must make their initial disclosures within **30 days** after the initial case management order is entered in this case.

6. **Motion to Amend.** The parties shall file any motions to amend the pleadings on or before **August 19, 2010**.

7. **Other Pretrial Discovery Matters.**

  A. **Discovery:** The parties shall complete all written discovery and depose all fact witnesses on or before **November 1, 2010**. All written discovery shall be submitted in sufficient time so that responses are in hand by **November 1, 2010**.

  B. **Number of Interrogatories:** Federal Rule of Civil Procedure 33 and Local Rule 33.01(b) is expanded to allow the parties **40 interrogatories**, including subparts.

  C. **Motions on Discovery:** No motions concerning discovery are to be filed until after the parties have conferred in

4

good faith and, unable to resolve their differences, have scheduled and participated in a conference telephone call with Magistrate Judge Brown.

   **D.** **Necessity of Protective Order:** The parties agree that if a protective order is necessary, they will seek one pursuant to the Local Rules of Court.

   **E.** **Necessity of a Discovery Stay:** Discovery is not stayed during dispositive motions, unless ordered by the Court.

   **F.** **Identification of Other Discovery Disputes:** The parties do not anticipate any particular discovery disputes.

   **G.** **Expert Disclosures:** The Plaintiff shall identify and disclose any expert witnesses and reports on or before **August 20, 2010.** The Defendant shall identify and disclose any expert witnesses and reports on or before **September 20, 2010.**

   **H.** **Depositions of Expert Witnesses:** The parties shall depose all expert witnesses on or before **November 1, 2010.**

   **8.** **Dispositive Motions.** Dispositive motions shall be filed, if at all, on or before **November 29, 2010.** Responses to dispositive motions shall be filed within **28 days** after service. Optional replies, limited to **five pages**, shall be filed within **14 days** after service of the response. Briefs shall not exceed **25 pages**. Should dispositive motions be filed early, the response and reply dates will be moved up accordingly.

9.  **Settlement.** The parties agree and desire to work in good faith to explore and discuss the prospects of settlement. The parties agree to engage in preliminary settlement discussions as soon as practicable and will work cooperatively to utilize alternative dispute resolution procedures and techniques.

10. **Trial.** The parties estimate that this jury trial will take approximately three days, depending on what issues remain for trial. Judge Trauger has set the case for trial on **April 12, 2011** (Docket Entry 46).

The Magistrate Judge will conduct the final pretrial conference on **Tuesday, March 15, 2011, at 1:30 p.m.** A separate order for the content of the final pretrial order will be entered later.

It is so **ORDERED**.

/s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge