IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BERTHA BATEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:09-1061 |
| ) | Judge Trauger |
| AMERIGROUP TENNESSEE, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Pending before the court are the plaintiff's objections (Docket Nos. 61-62) to orders entered by the magistrate judge. For the reasons discussed below, the objections will be overruled.

In this action, *pro se* plaintiff Bertha Batey alleges that the defendant, Amerigroup Tennessee, Inc., fired her in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (*See* Docket No. 1.) After the defendant filed its Answer, the plaintiff filed two motions seeking immediate payment of her alleged damages. The first, styled as a Motion for Financial Relief (Docket No. 38), sought payment of $1,500,000, arguing that the allegedly illegal termination has caused the plaintiff financial hardship. The second, styled as a Motion for Immediate Tort Payment (Docket No. 50), sought payment of $1,000,000, arguing that one of the defendant's discovery requests had defamed the plaintiff.

The magistrate judge denied both motions, stating in the Order that he was "unaware of any authority to award a plaintiff damages . . . prior to any determination of liability." (Docket No. 56.) The plaintiff filed a Motion for Reconsideration (Docket No. 58), which the magistrate

judge also denied, stating that "[t]he Plaintiff has cited no authority whatsoever." (Docket No. 60.)

The plaintiff has now filed objections to the magistrate judge's orders. Federal Rule of Civil Procedure 72 permits a party to object to a magistrate judge's non-dispositive order and requires the district court to "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

None of the plaintiff's objections have merit. First, she argues that the magistrate judge should not have considered the defendant's late-filed responses to her motions. (Docket No. 61 at 1.) But on July 20, 2010, the magistrate judge, following a telephone conference with the parties, permitted the defendant to file responses within seven days. (Docket No. 53.) The defendant filed its responses that same day. (*See* Docket Nos. 51-52.) The magistrate judge has discretion in setting due dates for briefs. In any event, this is irrelevant to the merits of the plaintiff's motions – even if the defendants had completely failed to respond, the magistrate judge would still need some basis for awarding provisional damages. Second, the plaintiff argues that, because the defendant has not yet made any settlement offers, it was improper for defense counsel to state during the telephone conference that the defendant preferred to settle the case. (Docket No. 61 at 1.) Again, this is irrelevant to the merits of her motions. Third, the plaintiff cites *Burlington Northern & Santa Fe Railway v. White*, 548 U.S. 53 (2006) (Docket No. 61 at 2), but that case has no bearing on whether the plaintiff may receive a provisional award of damages. Finally, the plaintiff reaffirms that she is facing financial hardship (Docket No. 61 at 2), but this, too, is irrelevant.

2

This court agrees with the magistrate judge's conclusion that neither the Federal Rules of Civil Procedure, nor any relevant statute, allow the court to award damages on the plaintiff's Title VII or tort claims before the defendant has been found liable. Accordingly, the plaintiff's objections are **OVERRULED**. The orders filed by the magistrate judge (Docket Nos. 56, 60) are **AFFIRMED**, and the plaintiff's motions (Docket Nos. 38, 50, 58) are **DENIED**.

It is so Ordered.

Entered this 5th day of August 2010.

_____
ALETA A. TRAUGER
United States District Judge