IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BERTHA BATEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 3:09-cv-01061 |
| AMERIGROUP TENNESSEE, INC., ) | Judge Trauger/Brown |
| ) | **Jury Demand** |
| Defendant. ) | |
| ) | |

To:     The Honorable Aleta Trauger

## REPORT AND RECOMMENDATION

Presently pending before the Magistrate Judge is Defendant's Motion for Summary Judgment. (Docket Entry 89). Defendant has also filed a Memorandum, a Statement of Undisputed Facts, and two Affidavits in support of its Motion. (Docket entries 90-93). Defendant has also filed a Reply. (Docket Entry 108). Plaintiff has filed a timely Response (Docket Entry 98), as well as an Amended Response (Docket Entry 111).[1] Both Amended Responses were filed well after the additional time for response granted by the Magistrate Judge. The Magistrate Judge has nevertheless considered those pleadings in making this recommendation. For the reasons set forth below, the Magistrate Judge **RECOMMENDS** Defendant's Motion be **GRANTED** and this action be **DISMISSED with prejudice**.

---

[1] Docket Entry 112 is titled Amended Response but is, in fact, a request for additional time to file a second Amended Response.

1

I. INTRODUCTION

Plaintiff, a resident of Nashville, brings this action pursuant to Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1991, and the Age Discrimination and Employment Act. Plaintiff alleges Defendant, her former employer, discriminated against her based on her race, sex, and age. Plaintiff further alleges Defendant retaliated against her for filing a charge of discrimination.

II. BACKGROUND

Defendant has filed a Statement of Undisputed Facts, to which Plaintiff has failed to file a formal response. (Docket Entry 91). Plaintiff has, however, disputed some of the facts as stated by Defendant in her various Responses to the Motion. After reviewing the parties' submissions, including exhibits, the following facts are not in dispute.

Plaintiff was employed by Defendant Amerigroup Corporation, a health management organization, as a Utilization Manager RN beginning on February 26, 2007. (Docket Entries 91, 111). Plaintiff's employment was conditioned on a 90-day initial employment period, the successful completion of which was required for continued employment. *Id*. Plaintiff acknowledged that her employment was "at-will" and that either she or Defendant could end her employment relationship at any time, for any reason, with or without cause. (Docket Entry 89-1).

Plaintiff's 90-day evaluation was completed and signed by her supervisors, Christa Poe and Betty Brashear, on June 26, 2007. (Docket Entries 89-1, 111). Plaintiff's supervisors apparently indicated she had successfully completed her 90-day introductory period with a score

of 2.5 out of 4.² (Docket Entry 111). The HR Administrator, Connie Yates, and the Plan CEO/COO, Andrea Wynn, signed Plaintiff's 90-day evaluation on July 16 and July 13, 2007, respectively, and Plaintiff's evaluation was apparently corrected to show that she had failed to successfully complete the evaluation period but was granted a 30-day extension. (Docket Entry 89-1).

Plaintiff's supervisor, Betty Brashear, provided an addendum to Plaintiff's 90-day evaluation on July 13, 2007,³ which stated that coworkers and third-party providers had made complaints regarding Plaintiff. (Docket Entry 89-1). The addendum also stated that any "outburst and negativity" must be corrected immediately and, if the behavior continued, would "result in immediate corrective action which may include termination." *Id*.

On November 27, 2007, Plaintiff was re-evaluated and removed from the 90 day probationary period. (Docket Entry 89-1).⁴ Plaintiff's manager, Betty Brashear, stated that Plaintiff had an "[e]pisode of being argumentative with another manager, recognized that her behavior had been inappropriate, took responsibility and apologized." *Id*. On January 25, 2008, Plaintiff's 2007 Year End Performance Appraisal was completed. *Id*. Plaintiff was reminded to "continue to be aware of voice intonation when speaking with providers" and to maintain positive communications with Defendant's providers and her coworkers. *Id*.

---

² As shown in the July 13, 2007 addendum, described below, a passing score on the evaluation is 3. (Docket Entry 89-1). The initial indication that Plaintiff passed appears to have been marked in error.

³ Defendant's Statement of Undisputed Facts incorrectly identifies the date as June 13, 2007. (Docket Entry 91)

⁴ It is unclear from the document why Plaintiff's 90-day extension ended on August 15, 2007 and her evaluation did not occur until November 2007.

On April 29, 2008, Plaintiff approached a coworker, Patricia Courts, and said to her, "What the hell are you doing?" (Docket Entries 89-1, 93). Later that day, Ms. Courts, also an African American, stated in an email to Plaintiff that Plaintiff's communication is "sometimes offensive," accepted Plaintiff's apology, and asked Plaintiff to refrain from speaking to her this way in the future. (Docket Entry 89-1). Ms. Courts forwarded this email to Christa Poe and Patricia Courts. *Id*. Connie Yates also received complaints from other employees regarding this incident. (Docket Entry 93).

As a result of the April 29, 2008 incident, Plaintiff was given a final warning on a Corrective Action Form dated May 5, 2008. (Docket Entry 89-1). The form states that Plaintiff was in violation of the policy for Associate Behavior, Conduct and Performance, which prohibits abusive or obscene language and allows corrective action, up to and including termination. *Id*. Plaintiff was told that immediate and sustained improvement was required, and further violations would result in further corrective action, up to and including termination. *Id*.

On September 2, 2008, the Utilization Management and Case Management Departments held a joint meeting. (Docket Entries 89-1, 93). During this meeting, Registered Nurse Alicia Milligan asked a question, which her Manager, Lolita Bryant, attempted to answer. (Docket Entry 89-1). Plaintiff then stated, "Lolita, that is not what she asked you." *Id*. When Ms. Bryant looked at the Director of Utilization Management, Janet Smith, Plaintiff said, "Lolita, don't go there. You know that's not necessary. We're not going there." *Id*. Ms. Bryant and three others at the meeting complained, stating that they believed Plaintiff's behavior was disrespectful and intimidating and had disrupted the meeting. (Docket Entries 89-1, 93). Later that day, Plaintiff's employment was terminated. (Docket Entry 89-1). The Corrective Action

4

Form stated that the incident at the September 2, 2008 meeting was in violation of her May 5, 2008 corrective action plan, and Plaintiff was therefore being terminated. *Id*.

During the time she worked for Defendant, Plaintiff made no complaint to Ms. Yates or anyone else that she was being subjected to harassment or discrimination based on her race, color, or sex. (Docket Entry 93). Plaintiff does not know who contributed to the decision to end her employment or what motivated Defendant to reach its termination decision. (Docket Entry 89-1).

On September 8, 2008, Plaintiff filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission, alleging race, sex, and age discrimination and retaliation. *Id*. The EEOC was unable to conclude that the information obtained established violations of the statutes. *Id*. Plaintiff filed this lawsuit on July 23, 2009, alleging race, color, and sex discrimination and retaliation for having filed a Charge of Discrimination. (Docket Entries 1, 89-1). Plaintiff disagreement with Defendant in this action is with its decision to end her employment. (Docket Entry 89-1).

### III. LEGAL DISCUSSION

#### A. Standard of Review

Summary judgment is appropriate if there is "no genuine issue as to any material fact" and "the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The main inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). After sufficient time for discovery and upon motion, Fed. R. Civ. P. 56(c) mandates summary judgment against a party who fails "to make a

showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

When deciding a motion for summary judgment, the court must view the evidence and draw all reasonable inferences in favor of the non-moving party. *Ciminillo v. Streicher*, 434 F.3d 461, 464 (6th Cir. 2006). In order to survive summary judgment, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250; Fed. R. Civ. P. 56(e). Thus, even if the nonmovant produces some evidence, the production will not be sufficient to defeat summary judgment so long as no reasonable jury could reach a finding on that issue in favor of the non-moving party. *Anderson*, 477 U.S. at 248. The non-moving party "may not rely merely on allegations or denials in its own pleading; rather, its response must . . . set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). If the non-moving party fails to do so, then summary judgment, if appropriate, should be granted for the moving party. *Id.*

However, "a party is never required to respond to a motion for summary judgment in order to prevail since the burden of establishing the nonexistence of a material factual dispute always rests with the movant." *Smith v. Hudson*, 600 F.2d 60, 64 (6th Cir. 1979). The movant retains the burden of establishing that "the moving party is entitled to judgment as a matter of law," even if the non-moving party fails to respond. Fed. R. Civ. P. 56(c). The trial court's duty is to "intelligently and carefully review the legitimacy of such an unresponded-to motion, even as it refrains from actively pursuing advocacy or inventing the *riposte* for a silent party."

*Guarino*, 980 F.2d at 407. In addition, "reasonable inferences must be considered if apparent from the designated evidence and favorable to the non-moving party." *Id.*

## B. Analysis

Plaintiff alleges that Defendants discriminated against her based on her race, color,[5] and sex, violating Title VII, 42 U.S.C. § 2000e, et seq. Plaintiff has not shown direct evidence of intentional discrimination by Defendant. *See*, *e.g.*, *Amini v. Oberlin Coll.*, 440 F.3d 350, 359 (6th Cir. 2006) (Direct evidence "requires the conclusion that unlawful discrimination was at least a motivating factor in the employer's actions."). Because Plaintiff has not shown direct evidence of discrimination, the three-step burden-shifting analysis is applied. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). Under this analysis, Plaintiff must first set forth a prima facie case of discrimination. *Id*. Once Plaintiff does so, the burden shifts to Defendant to articulate some legitimate, nondiscriminatory reason for its actions. *Id*. If Defendant carries this burden, Plaintiff must then prove by a preponderance of the evidence that the reasons offered by the employer were a pretext for discrimination. *Id*.

A prima facie case for discrimination based on circumstantial evidence requires that the Plaintiff "prove four elements: (1) he or she was a member of a protected class; (2) he or she suffered an adverse employment action; (3) he or she was qualified for the position; and (4) he or she was replaced by someone outside the protected class or was treated differently than similarly-situated, non-protected employees." *DiCarlo v. Potter*, 358 F.3d 408, 415 (6th Cir.

---

[5] Defendant argues that Plaintiff failed to exhaust her color claim, because she did not mark the box for "color" on her Charge of Discrimination. The Magistrate Judge does not find it necessary to address this argument. Even assuming this claim was exhausted, Plaintiff's claims must fail for the reasons set forth in this Report and Recommendation.

2004). Plaintiff has stated facts regarding the first three elements of her claim, but she has offered nothing more than allegations regarding the fourth element. Plaintiff has made no showing that she was replaced by someone outside her protected class, and she has not shown that she was treated differently from employees who were not members of the protected class. Plaintiff has merely made allegations that her performance was better than that of other employees and that she was passed over for a promotion.[6]

Even taking Plaintiff's allegations as true and accepting that she has stated a prima facie case of discrimination, Defendant has articulated a legitimate, nondiscriminatory reason for its actions. It is undisputed that Plaintiff failed to pass her initial 90-day assessment and was given a final warning due to an incident with a co-worker. After a second incident, Plaintiff was terminated. As noted above, Defendant had a policy prohibiting abusive or obscene language, and Plaintiff violated that policy twice, resulting in her termination. Defendant has shown that there was a legitimate, nondiscriminatory reason for Plaintiff's termination. *See Reeves v. Swift Trans. Co.*, 446 F.3d 637, 641-42 (6th Cir. 2006).

At the third step of the analysis, Plaintiff has again failed to carry her burden. Plaintiff has not demonstrated facts that would show by a preponderance of the evidence that Defendant's aforementioned reasons for terminating her were a pretext for discrimination. *See St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 507 (1993) (The ultimate burden of persuasion remains at all times with the plaintiff.). Plaintiff's sole arguments, provided with no factual evidence, are that

---

[6] As Defendant notes, Plaintiff's allegation that she was not promoted is based on Defendant's hiring a younger, white, less experienced, female as Director of Utilization Management. Plaintiff never applied for the position and, even if she had, would not have been eligible for promotion, as she was on a Corrective Action Plan. (Docket Entries 89-1, 92, 92-3).

her performance was better than that of other employees and that she was denied a promotion. There is no evidence Plaintiff applied for any promotion, and, even if her performance was better than other employees outside a protected class, Defendant has proven that she was terminated because she violated a company policy more than once.

For the same reasons, Plaintiff's age discrimination claim should fail. Under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 *et seq.*, a plaintiff's prima facie case of age discrimination consists of four categories of evidence. *Tuttle v. Metro. Gov't of Nashville*, 474 F.3d 307, 317 (6th Cir. 2007). Plaintiff must prove that: (1) she was 40 years or older; (2) that she was qualified for the particular position; (3) that she was subjected to adverse employment action; and (4) that she was replaced by a younger individual. *Id*. *See also Browning v. Dep't of the Army*, 436 F.3d 692, 695 (6th Cir. 2006). Assuming Plaintiff has proven the first three elements, she has not shown she was replaced by a younger individual or, alternatively, that similarly-situated younger employees were treated more favorably than Plaintiff. *See Tuttle*, 474 F.3d at 318-19. Plaintiff has not shown that, but for her age, she would not have been terminated. *See Gross v. FBL Fin. Serv.*, *Inc.*, 129 S. Ct. 2343, 2349 (2009). Plaintiff has failed to provide facts showing any age discrimination by Defendant.

To state a claim for retaliation, Plaintiff must allege: "(1) that she engaged in protected activity; (2) that defendant knew of this exercise of her protected rights; (3) that defendant consequently took an employment action adverse to plaintiff; and (4) that there was a causal connection between the protected activity and the adverse employment action." *Fenton v. HiSAN, Inc.*, 174 F.3d 827, 831 (6th Cir. 1999). In this case, Plaintiff has offered no evidence she engaged in any protective activity prior to her termination. She has neither alleged nor

9

proven that she made any complaints regarding discrimination at Amerigroup, either internally or with the EEOC, prior to her termination. Therefore, Plaintiff's retaliation claim should be dismissed.

## IV. CONCLUSION

For the reasons stated above, the undersigned **RECOMMENDS** that Defendant's Motion to for Summary Judgment be **GRANTED** and this action be **DISMISSED with prejudice**.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from receipt of this Report and Recommendation within which to file with the District Court any written objections to the proposed findings and recommendations made herein. Any party opposing shall have fourteen (14) days from receipt of any objections filed regarding this Report within which to file a response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation may constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140, *reh'g denied*, 474 U.S. 1111 (1986).

ENTERED this 31st day of January, 2011.

/S/ Joe B. Brown
Joe B. Brown
United States Magistrate Judge